IT IS SO ORDERED.

Dated: August 19, 2024



Tiiara N.A. Patton
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT FOR THE
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>**Squirrels Research Labs LLC and the Midwest Data Company LLC,**<br><br>Debtors. | Chapter 11<br><br>Case No. 21-61491 (TNAP)<br><br>Judge Tiiara N.A. Patton |
| **Frederic P. Schwieg,**<br><br>Plaintiff,<br><br>v.<br><br>**Andrew Gould,**<br><br>Defendant. | Adv. Pro. No. 23-06030 (TNAP) |

# ORDER SCHEDULING CONTINUED PRETRIAL HEARING AND SETTING OTHER RELATED DEADLINES

The Court held a continued pretrial hearing on the *Adversary Complaint to Determine the Validity, Priority or Extent of Lien or Other Interest in Property; to Recover Preferential Transfers, to Recover Fraudulent Transfers, to Obtain a Declaratory Judgment Relating to the Foregoing and Other Relief* (the "Complaint") (Adv. Pro. Docket No. 1) filed by Frederic P. Schwieg, Esq. ("Plaintiff") on August 13, 2024 (the "Pretrial Hearing"). Appearances were made by the following at the Pretrial Hearing:

| Frederic P. Schwieg, Esq. for | Plaintiff |
| Jack B. Cooper, Esq. for | Andrew Gould, Defendant |

The terms "counsel" and "parties," as used in this Order, include the case attorney, any other attorney designated or authorized to appear in this adversary proceeding, and any individual appearing *pro se*. Based upon the matters discussed during the Pretrial Hearing,

**IT IS HEREBY ORDERED THAT:**

1. Joint Stipulation. On or before **Friday, November 1, 2024**, the parties shall file with the Court a joint stipulation (as discussed at the Pretrial Hearing) consistent with the format set forth in Paragraph 2 below. The joint stipulation shall be signed by all counsel.

2. The joint stipulation shall be in the following form.

    a. Basis of Jurisdiction. A statement setting forth the basis of jurisdiction and whether the matter is a core or non-core proceeding. If the matter is a non-core proceeding, the parties shall state whether they consent to the Court's entry of a final order pursuant to 28 U.S.C. § 157(c)(2). If the parties disagree, they shall each cite the relevant authority to support their positions.

    b. Statement of uncontested facts. A statement of the uncontested facts.

    c. Statement of facts which are in dispute. A statement of the facts in dispute.

d. <u>Legal Issues</u>. For the causes of action being pursued, identify: (i) the constitutional, statutory, regulatory, and decisional authorities being relied upon for each cause of action; and (ii) which party bears the burden of proof on each element. Also list any additional legal issues (<u>e.g.</u>, affirmative defenses) that will be relevant to the Court's disposition of the matter, the authority pertinent to each legal issue, and the party that bears the burden on the issue.

3. <u>Motions for Summary Judgment</u>. On or before **Friday, December 6, 2024**, the parties shall file with the Court any motions for summary judgment. The motion for summary judgment shall be filed pursuant to Federal Rule of Civil Procedure 56, as made applicable to this proceeding by Federal Rule of Bankruptcy 7056.

4. The motion for summary judgment shall be served and filed to include the following.

   a. <u>Supporting Affidavits</u>. Any affidavits and other materials referred to in Federal Rule of Civil Procedure 56(e).

   b. <u>Supporting Memorandum</u>. A supporting memorandum of law.

   c. <u>A Statement of Material Facts</u>. A separate statement of material facts to which the moving party contends there is no genuine issue (undisputed) and that entitles the moving party to a judgment as a matter of law, and that also includes the following:

      i. a description of the parties; and

      ii. all the facts supporting venue and jurisdiction of the Court.

   d. The statement referred to in subparagraph 4(c) above must consist of short, numbered paragraphs, including within each paragraph specific references to the affidavits, parts of the record, and supporting materials relied upon to support the facts set forth in that paragraph. Failure to submit such a statement constitutes grounds for denial of the motion.

   e. <u>Reply</u>. If additional material facts are submitted by the opposing party pursuant to paragraph 6 below, the moving party may submit a concise reply in the form prescribed in that paragraph. All material facts set forth in a statement filed pursuant to paragraph 6(c), reflected below, will be deemed admitted unless controverted by the moving party's statement.

5. <u>Objections to Motion for Summary Judgment</u>. Any response to the motion for summary judgment shall be filed with the Court by no later than **Friday, January 10, 2025**. Objections to the motion for summary judgment shall be filed pursuant to Federal Rule of Civil Procedure 56, as made applicable to this proceeding by Federal Rule of Bankruptcy 7056.

6. An objection to the motion for summary judgment shall be served and filed to include the following.

    a. <u>Opposing Affidavits</u>. Any opposing affidavits and other materials referred to in Federal Rule of Civil Procedure 56(e).

    b. <u>Supporting Memorandum</u>. A supporting memorandum of law.

    c. <u>A Statement of Material Facts</u>. A concise response to the movant's statement that contains:

        i. numbered paragraphs, each corresponding to and stating a concise summary of the paragraph to which it is directed;

        ii. a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to affidavits, parts of the record, and other supporting materials relied upon; and

        iii. a statement, consisting of short, numbered paragraphs, of any additional facts that require the denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon. All material facts set forth in the statement required of the moving party will be deemed admitted unless controverted by the opposing party's statement.

7. <u>Continued Pretrial Hearing Date</u>. The continued pretrial hearing will be held on **Tuesday, March 4, 2025 at 11:30 a.m.** (the "<u>Continued Pretrial Hearing</u>"). The Continued Pretrial Hearing will take place virtually via video conference using the Zoom® Video Communications application ("<u>Zoom</u>"). To participate in the Zoom hearing, participants must pre-register by emailing PattonZoom_Registration@ohnb.uscourts.gov by no later than 4:00 p.m.

three (3) business days prior to the Continued Pretrial Hearing.[1] All participants are required to appear by Zoom and comply with *Judge Patton's Procedures for Appearing via Zoom® Video Communications (Effective August 21, 2023)*, which can be found on the Court's website. Persons without video conferencing capabilities must immediately contact Evelyn Ross, Judge Patton's Courtroom Deputy, at (330) 742-0950 to make alternative arrangements. Absent emergency circumstances, such arrangements must be made no later than three (3) business days prior to the Continued Pretrial Hearing.

8. This Order shall not be modified except by leave of Court upon good cause shown. Parties may contact Evelyn Ross ([evelyn_ross@ohnb.uscourts.gov](mailto:evelyn_ross@ohnb.uscourts.gov) or (330) 742-0950), Judge Patton's courtroom deputy, for all matters concerning scheduling.

### # # #

---

[1] A participant's registration email must include the following information: (a) case name and case number; (b) hearing date and time(s); (c) participant's name, address, and telephone number; and (d) name of the party or parties whom participant represents.